UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRYCE MATTHEW MIELBECK,

    Plaintiff,

v.                                                 Case No. 2:20-cv-987-JLB-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff Bryce M. Mielbeck appeals the Commissioner of Social Security's ("Commissioner") final decision denying his claim for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 25.) Upon review of the record, the Report and Recommendation, and Mr. Mielbeck's timely objections (Doc. 26), the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In this Social Security appeal, the Court must determine whether the administrative law judge's ("ALJ") decision is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id. Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Mr. Mielbeck raises four objections to the Magistrate Judge's Report and Recommendation. For the reasons outlined below, the Court finds Mr. Mielbeck's objections unpersuasive.

**I.   Mr. Mielbeck's objection that the ALJ should have posed certain hypothetical questions to the vocational expert ("VE") is overruled.**

First, Mr. Mielbeck argues that the Magistrate Judge misstated Mr. Mielbeck's arguments regarding the impact of his elbow impairment on his ability to perform reaching. (Doc. 26 at 1.) Mr. Mielbeck then attempts to tie the Magistrate Judge's alleged misstatements to the argument raised in the Joint

Memorandum that the ALJ[1] failed to consider the effect of Mr. Mielbeck's elbow impairment in his residual functional capacity ("RFC") assessment. (See Doc. 23 at 11.) Specifically, Mr. Mielbeck contends that "the ALJ's RFC did not account for that [elbow] limitation [which should have been included] in the RFC and in the hypothetical question to the VE" and thus, the ALJ's decision was unsupported by substantial evidence.[2] (Doc. 26 at 2.)

The Court finds that the RFC was supported by substantial evidence, and there was no reversible error with respect to the hypothetical questions posed to the VE. It is the ALJ's responsibility to determine a claimant's RFC, which is the most a claimant can do despite his or her work-related impairments. 20 C.F.R. §

---

[1] Unless designated as the "first" ALJ, all mentions of ALJ refer to ALJ Ryan Johannes, the second ALJ. See Doc. 19-2 at 11–25.

[2] It is not clear to the Court whether this is even an objection to the Magistrate Judge's Report and Recommendation or rather an introduction of issues Mr. Mielbeck could have made in the Joint Memorandum. In the Joint Memorandum, Mr. Mielbeck contended that the ALJ should have included hypothetical questions to the VE about Mr. Mielbeck's "mild limitations in concentration, persistence, and pace and interacting with others." (Doc. 23 at 24–30.) Mr. Mielbeck did not argue to the Magistrate Judge that the ALJ should have asked the VE hypothetical questions about Mr. Mielbeck's elbow limitations. Thus, Mr. Mielbeck's assertion that the ALJ did not ask hypothetical questions to the VE about Mr. Mielbeck's reaching capacity was not explicitly presented to the Magistrate Judge, and therefore, it may be inappropriate to introduce here. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (finding that a district court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge). An objection to a report and recommendation is not the place to try out new theories that could have been raised in a joint memorandum. See id. at 1292 ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); Schwartz v. Village Ctr. Comm. Devel. Dist., No. 5:12-cv-177-Oc-34PRL, 2013 WL 945402, at *3 (M.D. Fla. Mar. 12, 2013) (holding that because plaintiff did not raise argument before magistrate judge, district court would not consider the argument in plaintiff's objection to the magistrate judge's report and recommendation).

404.1545(a).  The "task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."  Robinson v. Astrue, 365 F. App'x 993, 999 (11th Cir. 2010).  This assessment must be based on all relevant evidence in the record before the ALJ.  See 20 C.F.R. § 404.1520(e).  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  Yet the "hypothetical question need not include claimed impairments that are not supported by the medical evidence."  Ingram v. Comm'r, 496 F.3d 1253, 1270 (11th Cir. 2007).

Here, substantial evidence supports the ALJ's RFC determination, and thus Mr. Mielbeck cannot show error with respect to the questions posed to VE.  While Mr. Mielbeck notes accurately that Dr. Tar opined on Mr. Mielbeck's functional limitations with regard to his ability to extend his elbows (Doc 26 at 2 (citing Doc. 19-9 at 7, 44, 55)), he does not mention that the ALJ acknowledged such functional limitations by finding that Dr. Tar, along with Drs. Micovic, Wallace, and Rosenberg, provided records showing "greater functional limitations [than in the past], but did not preclude the performance of all work activity."  (Doc. 19-2 at 20.)  The ALJ determined these limitations were inconsistent with other record evidence and provider's treatment notes.  (See id. at 18–20.)  And the ALJ formulated the RFC based on the entire record.  (See Doc. 19-2 at Thus, the RFC was supported by substantial evidence.  And because substantial evidence supported RFC, the ALJ correctly posed a hypothetical question to the VE that reflected Mr. Mielbeck's

4

impairments and included the functional limitations required by the evidence of record. See Jones, 190 F.3d at 1229. Thus, the objection is overruled.

### II. Mr. Mielbeck's objection that the Magistrate Judge misinterpreted Mr. Mielbeck's argument about reopening the case is overruled.

Mr. Mielbeck next argues that the Magistrate Judge erred by applying the wrong legal standard and finding that the second ALJ did not reopen Mr. Mielbeck's original application before the first ALJ. (Doc. 26 at 3–6.) Specifically, Mr. Mielbeck argues that the Magistrate Judge applied the wrong standard, focusing on Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985) and Passopulos v. Sullivan, 976 F.2d 642 (11th Cir. 1992), as opposed to Wolfe v. Chater, 86 F.3d 1072 (11th Cir. 1996). In Wolfe, the Eleventh Circuit held that the Court may review a petitioner's original application if an ALJ reopens the application while evaluating a subsequent claim. Wolfe, 86 F.3d at 1079. A reopening may occur where an ALJ goes "beyond evaluating evidence for the purpose of making a reasoned determination of its res judicata effect" and instead "reconsider[s] the merits of the prior decisions." Id. (citing Cherry, 760 F.2d at 1189, Passopulos, 976 F.2d at 645–46). Critically, though, under Wolfe, Cherry, and Passopulos an ALJ does not reopen a prior ALJ's decision by merely reviewing a "claimant's prior medical examination from a prior application" because such a review does not "amount to a reconsideration of the prior application on its merits." Id.

Here, Mr. Mielbeck argues that the second ALJ reopened the first ALJ's prior final decision by reaching a different conclusion about Mr. Mielbeck's past relevant

5

work history than the first ALJ. (Doc. 26 at 3.) But, as the Magistrate Judge correctly reasoned while finding this argument unpersuasive, the second ALJ did not reconsider the merits of prior ALJ's decision because the second ALJ based his findings on new evidence, not the evidence that the first ALJ relied on. (Doc. 25 at 22, 24.) The Magistrate Judge found, and the Court agrees, that "there is no indication in the record that [the second ALJ]'s past relevant work determination was based on a review of the Prior Application's record." (Id. at 24.) Accordingly, under the standard in Wolfe, which holds that a reopening requires "reconsider[ation] of the merits of the prior decision," the second ALJ here did not reopen the application because he considered new evidence, not the prior decision. Wolfe, 86 F.3d at 1079.

### III. Mr. Mielbeck's objection that the Magistrate Judge erred in not finding that the second ALJ de facto reopened his application is overruled.

In the same vein as Mr. Mielbeck's second objection, Mr. Mielbeck also objects to the Magistrate Judge's finding that the second ALJ did not reopen his prior application by making his decision based on the same evidence that was before the earlier ALJ. This objection is also overruled.

As discussed above, the Eleventh Circuit has held that a final decision by an ALJ will be considered reopened if it is "reconsidered on the merits to any extent and at any administrative level." Cherry, 760 F.3d at 1189 (emphasis added). "The ALJ, however, must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to

6

reopen the case pursuant to 20 C.F.R §§ 404.988, 404.989." Passopulos, 976 F.2d at 645–46. "[A]n ALJ does not reopen a final prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its res judicata effect on the second application." Id. at 646. Ultimately, "[t]he ALJ's task is to examine the evidence and resolve conflicting reports." Wolfe, 86 F.2d at 1079. Mere examination of evidence from prior hearings may be appropriate and does not necessarily constitute a de facto reopening of prior decisions. Id.; see also Cherry, 760 F.2d at 1189 (finding no de facto reopening had occurred because "[t]he ultimate determination that [the claimant] was not disabled . . . was not based on the record of the prior proceeding").

Here, the second ALJ considered the evidence relied upon by the first ALJ to determine its res judicata effect on the second application, not as a basis upon which to make a determination regarding Mr. Mielbeck's past relevant work. (See Doc. 19-2 at 12, 22, 59–60.) The second ALJ stated that he "considered the prior findings of the Administrative Law Judge in the previous decision . . . and ha[d] given such findings appropriate weight in light of all the relevant facts and circumstances," but he nevertheless denied the motion to reopen the prior ALJ's decision. (Id. at 12.)

As the Cherry court found, where a second ALJ reviews evidence relied upon by the first ALJ in the petitioner's first application, such review does not constitute a reopening. 760 F.2d at 1189. "After reviewing all the evidence, including that presented in support of the original application, the ALJ reasoned that there was

7

insufficient new and material evidence to justify a reopening under the regulations." Id. As outlined above, a de facto reopening requires an ALJ to "base[ ] an ultimate determination on a review of the record in the prior application." Passopulos, 976 F.2d at 646. But mere review of a petitioner's medical history does not amount to the reconsideration "on the merits" necessary to constitute a de facto reopening of the earlier application. Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986).

Here, though, there is no indication in the record or in the second ALJ's decision that the second ALJ's past relevant work determination was based on a review of the record from Mr. Mielbeck's first application, and thus, a reopening did not occur. Mere reconsideration of medical evidence does not constitute a reopening so long as the ALJ did not make an ultimate determination based on that evidence. (Doc. 26 at 7); see Wolfe, 86 F.3d at 1079. An ALJ faced with a petitioner's second application is permitted to use evidence from the petitioner's prior application to assess whether the petitioner was disabled upon the filing of a second application. Wolfe, 86 F.3d at 1079. But such a review is merely a survey of preliminary facts and does not constitute a review on the merits. Rohrich, 796 F.2d at 1031. Here, the second ALJ's past relevant work determination was not a merit review of the prior ALJ's decision because, as discussed above, it was based on evidence submitted after the initial application reviewed by the first ALJ. (Doc. 19-2 at 21–22.) Thus, Mr. Mielbeck's claim that the second ALJ reopened Mr. Mielbeck's application by relying on the same evidence that the first ALJ had before him is not

congenial with the procedural history indicated in the record.  Accordingly, Mr. Mielbeck's objection here is overruled.

### IV. Mr. Mielbeck's objection that the Magistrate Judge misunderstood Eleventh Circuit precedent related to the obligations of ALJs regarding mental limitations is overruled.

Finally, Mr. Mielbeck argues that the Magistrate Judge's finding that the ALJ was "not obligated to include mental limitations in the RFC" despite finding "mild limitations while completing a [Psychiatric Review Technique Form]" ("PRTF") was erroneous.  (Doc. 25 at 36; Doc. 26 at 8.)  Specifically, Mr. Mielbeck states that "[m]ild mental limitations may affect the RFC and therefore the ALJ must consider their impact on the RFC."  (Doc. 26 at 8.)  While the ALJ did discuss Mr. Mielbeck's mental health, Mr. Mielbeck argues that the ALJ's analysis did not sufficiently consider the impact of Mr. Mielbeck's mental health impairments on the RFC.  (Id. at 9.)  After careful review, the Court finds that the Magistrate Judge's analysis was proper.

If a claimant has a "colorable claim of mental impairment," the ALJ must complete a PRTF.  Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005).  In completing the PRTF, the ALJ must evaluate how a claimant's mental impairment impacts four broad functional areas (the "paragraph B criteria"): "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself." Id. at 1213; 20 C.F.R. § 404.1520a(c)(3).

The caselaw is clear that ALJs are not required to include mental limitations in the RFC, even when they did find "mild" limitations while completing a PRTF. See Williams v. Soc. Sec. Admin., 661 F. App'x 977, 979–80 (11th Cir. 2016) (finding that the ALJ did not err by not including limitations in the RFC related to the plaintiff's non-severe mental impairment when the ALJ found that the plaintiff had only "mild" limitations as a result of his impairment); Eutsay v. Kijakazi, No. 21-21164-CV, 2022 WL 1609088, at *9 (S.D. Fla. May 4, 2022), report and recommendation adopted, 2022 WL 1605318 (S.D. Fla. May 20, 2022) (finding that the ALJ was not required to include mental RFC limitations despite finding "mild" limitations in the paragraph B criteria); Ehrisman v. Astrue, 377 F. App'x 917, 920 (11th Cir. 2010) (finding that "[a]lthough the ALJ did not specifically include the findings as to [petitioner]'s mental limitations in the statement of her RFC, any error to this extent is harmless since the ALJ's decision indicated that its conclusions were based on consideration of both her physical and mental impairments").

Here, the ALJ found that Mr. Mielbeck's depression was non-severe and did "not cause more than minimal limitation in [Mr. Mielbeck's] ability to perform basic mental work activities." (Doc. 19-2 at 15.) Accordingly, the ALJ did not include mental limitations in the RFC. (Id. at 16.) This finding was supported by substantial evidence, and the ALJ undertook a thorough analysis of Mr. Mielbeck's medical record. (See id. at 15); Bianco v. Comm'r of Soc. Sec., No. 2:18-cv-570-FtM-NPM, 2019 WL 4727812, at *5 (M.D. Fla. Sept. 27, 2019) ("Even though the ALJ did

10

not specifically reference the PRTF, he did rate Plaintiff's limitations in all areas, discussed the medical evidence that addressed these areas, and considered the psychological consultant's findings" and thus properly incorporated the PRTF analysis in his decision).

While Mr. Mielbeck argues that the Magistrate Judge should have relied on Schink v. Comm'r of Social Security, 935 F.3d 1245 (11th Cir. 2019), where the Eleventh Circuit found that the ALJ's decision was flawed because the ALJ did not discuss how the plaintiff's mental condition affected his RFC, the Magistrate Judge did, in fact, employ Schink in his reasoning. (See Doc. 26 at 8–9; Doc. 25 at 31.) As the Magistrate Judge properly concluded, the ALJ makes an RFC assessment "by considering a claimant's physical, mental, and other abilities affected by the impairment." Schink, 935 F.3d at 1268.

Further, "[i]f an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that the claimant is not disabled cannot be upheld." Id. at 1269. Here, the Magistrate Judge noted that the ALJ discussed Dr. Leigh Ann Wong's February 17, 2020 Summary Note, which stated that Mr. Mielbeck "is experiencing debilitating depressive and anxious symptoms which noticeably impeded his functioning in all areas of his life," but also noted that Mr. Mielbeck's "ability to complete work-related mental activities is adequate." (Doc. 19-2 at 15; Doc. 25 at 32–33.) This weighing of impairments and consideration of Mr. Mielbeck's "medical condition taken as a whole" is exactly the type of assessment required of ALJs by Schink. See

11

Schink 935 F.3d at 1269. Accordingly, Mr. Mielbeck's objection with respect to this issue is not a proper ground to reject the Magistrate Judge's Report and Recommendation.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. Mr. Mielbeck's objections to the Magistrate Judge's Report and Recommendation (Doc. 26) are **OVERRULED**.

2. The Report and Recommendation (Doc. 25) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** in Fort Myers, Florida, on September 16, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE